**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND**
**(Baltimore)**

| | |
|---|---|
| In re: ) <br> George N. Pile <br> Reba A. Pile ) **Case No.: 18-18999RAG** <br> (Debtors) <br> ) <br> ************************************************************************ <br> RUBY ROBINSON ) <br> (Movant) <br> ) <br> v. <br> ) <br> REBA A. PILE <br> (Respondent) ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVANT/CREDITORS OBJECTION TO DISCHARGE REBA A. PILE

### INTRODUCTION

On October 15, 2018, Ruby Robinson, co-borrower/creditor filed a Motion Objecting to Discharge of Both Debtors (Reba A. Pile and George Pile). On December 21, 2018, Movant filed a Motion Objection to Discharge of Co-Debtor Reba A. Pile and simultaneously filed an Adversary Case Number 18-00489.  In the Adversarial case, movant objects to Mrs. Pile's dischargeability under Bankruptcy Code Section 523 (a)(2)(A) for false pretenses, false representation, actual fraud.  No response has been filed by debtor or debtor's counsel in any of these matters.

On January 23, 2019 a hearing was held at 2:00pm on movants Motions Objecting to dischargeability of debtors in the above matter.  The honorable Judge Gordon requested a Memorandum of Points of Authority be filed in this matter by Movant.  This matter has been continued to March 19, 2019 at 10:00am.

1

## FACTS

Ruby Robinson and Reba A. Pile were co-workers. They both met and worked at the Enoch Pratt Library, main downtown location. Ruby Robinson has since retired from the Enoch Pratt Library system. Reba A. Pile continues to work at the Enoch Pratt library.

In the spring of 2017, Mrs. Pile reached out to Mrs. Robinson and begged her to be a co-signor on a loan because (1) her initial co-borrower declined and (2) the lender/creditor, MECU of Baltimore, Inc,. (hereinafter known as "Mecu") would not give Mrs. Pile a loan without a co-signor/co-borrower. Under duress and medicated from chemotherapy, Mrs. Robinson agreed to help her friend and co-sign on the loan. Mrs. Pile guaranteed she would pay the loan and not default. Mrs. Robinson relied on this representation. Mrs. Robinson was unaware of all the debt Mrs. Pile had which is disclosed in her bankruptcy petition Schedule E/F. A total of 27 creditors with unsecured claims which include two (2) personal loans. Mrs. Pile never disclosed the reason she needed the eight thousand dollar ($8,000.00) personal loan she received from Mecu. Initially Mrs. Pile told Mrs. Robinson the loan was for four thousand dollars ($4,000.00), when she arrived at the bank to co-sign, she learned it was for $8,000.00.

Mrs. Robinson was named and given notice in Mrs. Pile's voluntary Chapter 7 bankruptcy as a creditor. Mrs. Robinson has an equitable interest in the Mecu loan as a co-borrower. Once Mrs. Pile stopped paying her monthly obligation to repay the loan,

Mrs. Robinson became responsible. Mrs. Robinson has already been contacted by Mecu and has been informed of her responsibilities and duties as a co-debtor.

## ISSUE #1

Whether Mrs. Robinson's, (hereinafter known as "Movant") is a creditor.

Movant is a creditor in this matter. Any party with a disputed claim is a creditor. In re Aloia, 496 B.R. 366 (Bank E.D. Pa., 2013), Hawxhurst v. Pettibone Corp., 40 F.3d 175, 179-80 (7th Cir. 1994), 11 U.S. C. Section 105.

In re Aloia, 496 B.R. 366 (Bank E.D. Pa., 2013), states "……even a party with a disputed claim is a "creditor". Movant is a creditor with standing to object to Debtor's discharge under section 727(c )(1) which states "The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section". Additionally, bankruptcy courts have recognized that claims need not be allowed in order to establish a party as a "creditor" under Section 727 (c )(1). In Hawxhurst v. Pettibone Corp., 40 F.3d 175, 179-80 (7th Cir. 1994), "disallowance of a claim owing to a creditor's failure to file a timely proof of claim does not negate the claim itself." Moreover, a claim is a "right to payment, whether or not such a right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable secured or unsecured." 11 U.S. C. Section 105.

In this proceeding, movant is a creditor because she has a disputed claim. Movant has an equitable interest in the Mecu loan as co-debtor, therefore she has a disputed claim.

## **ISSUE #2**

Whether Movant's Motion to Object was timely filed.

Movants objection was timely filed even if it was not filed in an adversarial proceeding. Bankruptcy Rule 4004; Bankruptcy Rule 7015; In re Dominguez, 51 D.3d. 1502 (9th Cir., 1995).

Bankruptcy Rule 4004 establishes the time to file an objection to discharge, which is Sixty (60) days after the first 341 creditor's meeting. The date to file an objection to discharge in this matter was October 15, 2018, sixty (60) days from the initial creditor's meeting of August 14, 2018. Movant filed her initial Objection to Discharge Debtors on October 15, 2018, which is filed timely within the purview of the rules. Unlike In re Alioa, 496 B.R. 366 (Bankr. E. D. Pa., 2013) where the creditor in that case filed three (3) requests for an extension of time to file a complaint objecting to discharge under Rule 4004, Movant timely filed her objection with no extension requested.

Furthermore, In re Dominguez, 51 D.3d. 1502 (9th Cir., 1995), the court ruled that the movant/creditor timely filed an answer within the bankruptcy proceeding satisfying Rule 7015. Bankruptcy Rule 7015 discuses Amended and Supplemental Pleadings. In re Dominguez, creditor filed a Memorandum to Discharge two (2) days before the bar date.

4

Movant's filed Objection to Discharge within the bankruptcy proceeding "was itself an informal complaint timely filed before the bar date." initiating an adversarial proceeding. In re Dominguez, 51 D.3d. 1502 (9th Cir., 1995). Therefore, this Memorandum of Points and Authority is an amendment which relates back under Rule 7015 and initiates an Adversarial proceeding. The Debtors received notice of Movants timely filed Discharge Objections satisfying the filing requirement.

### **ISSUE (3)**

Does the Movants Objection to Debtors Discharge commence an adversary proceeding?

Yes, Movants filed Objection to Debtors Discharge commenced an adversary proceeding. Federal Rule 12(b)(6) dismissal, "In the bankruptcy content, we construe a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor "fair notice of what the plaintiff's claim is and the grounds upon which it rests.".  Federal Rule of Civil Procedure 12(b)(6); In re Dominguez, 51 F.3d 1502 (9th Cir., 1995); Pfeiffer v. Rand (In re Rand), 144 B. R. 253, 255-256 (Bankr. S.D.N.Y. 1992); Evan v. Pace (In re Pace), 130 B.R. 338, 340 (Bankr. N. D. Fla. 1991); In re Percy, 841 F.2d at 978 (9th Cir. 1988);

Movant notes, that no formal written response and/or objection to Movants Objection to Debtor's Discharge has been filed in this case. However, in court, the Debtor's defendant raised the issue that the objection was not timely filed in an adversary

proceeding.  In re Dominguez, 51 F.3d 1502 (9th Cir., 1995), the issues are slightly similar to this case to the degree, that a pleading (Discharge Memorandum) was filed in the bankruptcy and the debtor in that case is claiming that the pleading did not initiate an adversary proceeding.  In re Dominguez, the bankruptcy appellate panel, hereinafter "BAP", found that the "Discharge Memorandum was sufficient because it challenged Dominguez' right to a discharge and provided appropriate allegation and at least some substantive evidence to support the challenge."  In re Dominguez further states, "the requirements of a complaint initiating an adversary proceeding prior to the confirmation order ensures that the individual debtor receives adequate notice to prepare a defense to those charges and that the estate creditors and trustees are advised of potential claims remaining against the estate upon a confirmation plan".

In other cases such as In re Marino, 37 F. 3d. 1357-58, the court "construed a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor fair notice of what the plaintiff's claim is and the grounds upon which it rests.", it is considered as being filed as an adversary proceeding.  In the matter before us, the objection to discharge debtor complies with the notice requirement, in that it states a claim and addresses the relief sought, nondischargeability of creditor's interest.  Here, the debtors received notice of creditors position.

The court furthers its position by reviewing other jurisdictions and found that "technical details insufficient to prevent a party's deficient pleading from serving as a complaint".

Pfeiffer v. Rand (In re Rand), 144 B. R. 253, 255-256 (Bankr. S.D.N.Y. 1992) (finding that a creditor's pro se complaint, which consisted of a letter to the judge objecting to dischargeability, timely commenced an adversary proceeding because it met the notice pleading requirements". Evan v. Pace (In re Pace), 130 B.R. 338, 340 (Bankr. N. D. Fla. 1991) (accepting a document captioned "objection" rather than "complaint," which the creditor filed with the court clerk as a complaint on the last day for filing complaints).  In all these instances, the court in these various jurisdictions ruled that that these filings commenced adversary proceedings objecting to discharge.

Therefore, Movants two (2) filed Motions Objecting to Discharge of Both Debtors filed October 15, 2018 and Motion Objecting to Discharge of Co-Debtor Reba A. Pile filed on December 21, 2018 are regarded by the court as having been timely filed and commencing an adversary proceeding.

Additionally, In re Dominguez, the court also rules and holds that a subsequent filed declaratory judgment complaint relates back to the Discharge Memorandum.  In re Percy, 841 F.2d at 978 (9th Cir. 1988), "We permit relation-back if the new claim arises from the same conduct, transaction or occurrence, as the original claim."  Although In re Dominguez, the debtor filed a chapter 11 proceeding, the court has ruled that the same relation back rule apply in a chapter 7.  Henceforth, this filed Memorandum of Points and Authority relates back Movants initial Motion Objecting to Debtor's Discharge.

In Movant's Objection to Debtors Discharge, a claim is raised for nondischargeability under section 523(a)(2)(A). Section 523(a)(2)(A) states that "A discharge under section 727 of this title does not discharge an individual debtor from any debt-for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-(A) false pretenses, a false representation, or actual fraud, other than a statement respecting to debtor's or an insider's financial condition." In Nunnery v. Rountree (In re Rountree), 478 F. 3d 215, (4th Cir. 2007), "a creditor asserting a claim for nondischargeability under section 523(a)(2)(A) must prove five elements by a preponderance of the evidence-namely, (1) false representation, (2) knowledge that the representation was false (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damage."

In this case, Debtor falsely represented to Movant that she was going to pay back a personal loan issued by creditor (Mecu) if movant extended her credit to her. Debtor received an $8,000.00 financial benefit that Movant did not. Debtor at the time knew that her representation of paying back the loan in full to Mecu was false. Debtor knew that Movant was relying on her misrepresentation. Debtor intended to deceive Movant and was successful. Debtor has had the opportunity to re-instate the Mecu debt and has chosen not to. Movant relied on Debtor that she would always pay the Mecu personal loan back in full pursuant to the terms of the loan. Because Debtor has defaulted on her loan obligation, Movant now has a liability to the bank on a fixed retired income. But for Debtors default, the Movant would not have a financial loss and be monetary responsible for the debt to the creditor.

The court has ruled that in order for a discharge exception to apply "either the debtor must obtain or the creditor must lose money, property, services, or an extension, renewal, or refinancing of credit." Pleasants v. Kendrick, 219 F.3d 372 (4th Cir. 2000), Cohen v. De La Cruz, 523 U.S. 213, 118 S. Ct. 1212, 140 L. Ed. 2d 341; Nunnery v. Rountree (In re Rountree), 478 F. 3d 215, (4th Cir. 2007). The Debtor in this matter has obtained money and the Movant/Creditor is losing money by having to pay off Debtors Mecu debt. Although the money did not come directly from Movant, her credit was used to give Debtor the $8,000.00 loan. But for Debtor using Movant's credits as co-debtor, she would not have qualified for a loan. In Pleasant, the Kendricks relied on Pleasant's representation that he was a licensed architect. Upon learning that Pleasant had lied to the Kendricks and had constructed a house with serious defects, the Kendricks sued Pleasants for money they paid a third party to fix the damage caused by Pleasant. The court in this case ruled that the judgment obtained by the Kendricks against Pleasant is excepted from discharge because they suffered a monetary loss due to Pleasants fraud. Movant in this matter will be suffering a monetary loss if this loan/debt is not excepted to the discharge.

In Movants December 21, 2018 Motion Objecting to Discharge of Co-Debtor Reba A. Pile filed in this case and adversary case number 18-489, creditor objects to the discharge of Mecu's debt. Although within the motion Movant does not specifically reference 11 U.S.C Section 523(a)(2)(A), the elements of this section is referenced and argued in the objection motion. In Kendrick v. Pleasants 231 B.R. 893, 897, they

9

discuss the definition of misrepresentation from tort stance and state "misrepresentation could be any words or conduct which produce a false or misleading impression of act in the mind of another. Additionally, "one who makes a representation of fact, opinion intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation." As state above, Movant relied on Debtors misrepresentation.

In re Rountree, the court ruled that although the creditor had met all the elements above, however, narrowly decided that Roundtree did not receive any financial benefit from her fraud. Rountree's fraud is derived from spying and investigating Nunnery. Unlike Rountree, Debtor in this case has financially benefited from her fraud. She received a loan from Mecu for her personal benefit. Movant has not received any financial benefit from the Mecu Loan. Debtor has an equitable interest in the loan as a co-debtor and because she relied on Debtors misrepresentation this loan should be excepted from discharge under Bankruptcy Code Section 523 (a)(2)(A).

In re Rountree, 478 F. 3d 220, the court makes clear " that congress intended 523 (a)(2) to protect creditors who were tricked by debtors into loaning them money or giving them property, services or credit through fraudulent means," Additionally, "When a debtor has acquired debt through fraudulent means the exception to discharge protect the duped creditor and demand that the debtor make good for her misdeeds." Brown v. Felsen, 442 U.S. 127, 138. 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979). Lastly, here, unlike

10

in re Aloia, the Movant has learned of debtor's fraud before discharge, therefore making this request timely.  In Aloia, the debtor learned of the debtor's fraud after the deadline for objection to discharge but before any bankruptcy discharge has been granted, known as the gap period.

Movant respectfully moves this court to except the Mecu loan from discharge under 523(a)(2)(A).

                                                      Respectfully Submitted by,

                                                    _____/s/_____

Jasmin M. Torres, Esquire
Torres & Associates, LLC
711 St. Paul Street
Baltimore, MD 21202
Tel. No.: 410-262-0243
Fax No.: 443-927-8896
Email: Landsettlements@aol.com
Attorney for Creditor Ruby Robinson